### COLLINS *v.* JEWELL.

(New York Superior Court—General Term, April, 1893.)

Where a cause of action survives, and no reasons appear why an executor should not be allowed to continue the same, security for costs should not be imposed as a condition upon granting such leave.

IN the matter of the application of John Collins, as executor, etc., of the last will and testament of the plaintiff.

The motion was by John Collins for leave to revive and continue this action in the name of John Collins, as executor, etc. The order made, was that the motion be granted upon condition that within ten days after, etc., the said Collins pay into this court the sum of $250, to be applied to the payment of the costs, etc., or at his election file, etc., an undertaking to the effect that he will pay on demand to the defendant all costs of the plaintiff, not exceeding $250; otherwise, the motion is denied.

*A. M. Card*, for plaintiff (appellant).

*Thomas E. Stewart*, for defendant (respondent).

SEDGWICK, J. The cause of action stated in the complaint has survived the death of the plaintiff. It is not an equitable action. It is one at common law.

Whether motions of this kind must be granted rests in the discretion of the court, when certain facts are shown; the facts of the case do not justify the denial of the motion. That

the cause of action may seem unmeritorious is not of weight on the motion. That is to be determined by a trial. That the action has been for many years delayed to the time of death of plaintiff, on the 7th of January, 1892, cannot be considered. The defendant could, if the delay were not justified, have procured a dismissal of the action. No effects from the delay could reach the executor. The delay of the executor is not great, and has not been shown to be injurious to defendant. This being the case, I do not think the application should have been denied, except upon condition that security for costs was given. No reasons having been shown why the executor should not be allowed to continue the action, a condition of his doing so should not have been imposed.

Order reversed and motion below granted, with costs of appeal.

GILDERSLEEVE, J., concurs.

Ordered accordingly.